UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONDERRENCE PETERSON,

    Plaintiff,

-against-

SERGEANT REYES,

    Defendant.
----------------------------------------------------------------X

**OPINION & ORDER**

06-CV-1457 (SJF)(LB)

FEUERSTEIN, J.

I.    Introduction

Pending before the Court is the complaint of pro se plaintiff Ronderrence Peterson (plaintiff) and an application to proceed in forma pauperis. For the reasons set forth below, the application to proceed in forma pauperis is granted and the complaint is dismissed sua sponte with prejudice.

II.    Background

Plaintiff alleges that on December 24, 2004, while he was detained at Atlantic Men's Shelter in Brooklyn, New York, defendant Sergeant Reyes (defendant) "stole" his bible and family pictures. (Complaint [Compl.] ¶ IV; Claim Against the City of New York dated March 17, 2005, attached to Compl.). Plaintiff seeks "punitive, nominal and discretional damages" in the amount of three million dollars ($3,000,000). (Compl. ¶ V).

III. Discussion

A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, I find that his financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

B. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" Hughes v. Rowe, 449 U.S. 5, 9, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 [1972]). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 [2d Cir. 1994]). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law.

2

Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

C. § 1983 Claims

42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to state a claim under section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co. 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

1. Due Process Claim

Liberally construed, plaintiff's claim alleges an unauthorized deprivation of property by a state employee without due process in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff does not allege that the asserted deprivation of his property occurred pursuant to an established state procedure. See, e.g. Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996)(distinguishing procedural due process claims based on established state procedures and those based on random, unauthorized acts by state employees).

A random and unauthorized intentional or negligent deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available under state law. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 3194 (1984); Parratt v. Taylor, 451 U.S. 527, 542-43, 101 S.Ct. 1908, 68 L.Ed.2d 1908 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); see also Beechwood Restorative Care Center v. Leeds, 436 F.3d 147, 156 (2d Cir. 2006)(holding that there is no constitutional violation and, thus, no available section 1983 action, when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty).

Attached to plaintiff's complaint is a notice of claim dated March 17, 2005 which plaintiff filed against the City of New York on March 22, 2005 seeking restitution for the allegedly stolen bible and family pictures. The notice of claim clearly states that if the claim is not settled, the claimant may commence a legal action within a year and ninety days of the challenged conduct. Accordingly, there was a meaningful state postdeprivation remedy available to plaintiff to compensate him for his allegedly stolen property. Where a plaintiff was provided with a meaningful opportunity to challenge the alleged deprivation of property, it is not a deprivation of due process simply because the plaintiff failed to avail himself or herself of the opportunity. See Hellenic American Neighborhood, 101 F.3d at 881. Moreover, "that [the plaintiff] might not be able to recover under [the state] remedies the full amount which he might receive in a § 1983 action is not * * * determinative of the adequacy of the state remedies." Hudson, 468 U.S. at 535, 104 S.Ct. 3194.

Since there was an adequate state postdeprivation procedure available to remedy the alleged random and unauthorized theft of property by defendant, plaintiff cannot establish a constitutional violation and, thus, cannot state a viable section 1983 action against defendant. Therefore, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

IV. Conclusion

Plaintiff's request to proceed in forma pauperis is granted and plaintiff's complaint is dismissed with prejudice, sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: July 13, 2006
Central Islip, New York

Copy to:

Ronderrence Peterson, *pro se*
363 Kilarney Dr.
Durham, NC 27703